**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CHRISTOPHER GUYADEEN,

        Petitioner,

vs.                                   Case No.   3:04-cv-1143-J-32MCR
                                                             3:01-cr-160-J-32MCR

UNITED STATES OF AMERICA,

        Respondent.

**ORDER**

This case is before the Court on petitioner Christopher Guyadeen's pro se Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255. (Doc. 1). The United States filed a response. (Doc. 7). Pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings, the Court has determined that an evidentiary hearing is not necessary to decide the instant petition.

On October 22, 2003, Guyadeen pled guilty to conspiracy to distribute in excess of 1,000 kilograms of marijuana in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). (Crim. Docs. 24 & 26).[1] Guyadeen's guilty plea was entered pursuant to a written plea agreement he signed on that same date. (Crim. Doc. 26). The plea agreement contains a waiver of appeal provision that provides, in relevant part:

---

[1] Citations to Guyadeen's criminal case file, 3:01-cr-160-J-32MCR, are denoted as "Crim. Doc. ___." Citations to Guyadeen's civil § 2255 case file are denoted as "Doc. ___."

> The defendant understands and acknowledges that defendant's sentence will be determined and imposed in conformance with the Comprehensive Crime Control Act of 1984 and the federal sentencing guidelines. . . . [T]he defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum set forth for the offense and pursuant to the sentencing guidelines and expressly waives the right to appeal defendant's sentence, <u>directly or collaterally</u>, on any ground, . . . except for an upward departure by the sentencing judge, a sentence above the statutory maximum, or a sentence in violation of the law apart from the sentencing guidelines; provided, however, that if the government exercises its right to appeal the sentence imposed, . . . the defendant is released from this sentence and may appeal the sentence . . . .

(<u>Id.</u> at 10) (emphasis added). On March 2, 2004, the Court sentenced Guyadeen to 70 months' imprisonment. (Crim. Doc. 29). No direct appeal was filed.

Guyadeen filed the instant § 2255 petition on October 26, 2004. (Doc. 1). Guyadeen's petition argues he received ineffective assistance of counsel because his attorney: (1) failed to argue Guyadeen should be placed in an "early disposition program," (2) failed to negotiate available sentencing guidelines departures, (3) failed to investigate or prepare a proper defense, (4) failed to make timely objections or "conduct any meaningful adversarial challenge," and (5) failed to enter into a more favorable plea agreement. (Doc. 1). The government's response argues, <u>inter alia</u>, that Guyadeen waived his right to collaterally attack his sentence; and, alternatively, Guyadeen fails to establish that any ineffective assistance of counsel prejudiced him. (Doc. 7).

The Eleventh Circuit recently held that a voluntary and knowing appeal waiver in a plea agreement precludes the defendant from collaterally attacking his conviction based upon a claim of ineffective assistance of counsel during sentencing. Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005). The Williams court reasoned that to hold otherwise "would permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless." Id.

An appeal waiver in a plea agreement "will be enforced if the government demonstrates either: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record clearly shows that the defendant otherwise understood the full significance of the waiver." Id. at 1296. Here, Guyadeen consented to having his guilty plea taken by United States Magistrate Judge Monte C. Richardson. (Crim. Doc. 34 at 4). During the plea colloquy, Guyadeen stated that he understood the appeal waiver provision in the plea agreement and that he freely and voluntarily waived his right to appeal his sentence directly or collaterally. (Id. at 14-15). Again, during sentencing, the Court carefully advised Guyadeen that he waived his right to appeal his sentence directly or collaterally. (Crim. Doc. 33 at 16). The Court concludes that Guyadeen knowingly and voluntarily agreed to the appeal waiver provision of his plea agreement, and that he therefore waived his right to collaterally challenge his counsel's performance

3

during sentencing.

Guyadeen's first and second contentions, that his counsel failed to argue he should be placed in an early disposition program and that his counsel failed to negotiate or argue available sentencing guidelines departures, relate to performance during sentencing. Pursuant to Williams, Guyadeen has waived his ability to collaterally raise these arguments.

Guyadeen's third and fourth contentions, that his counsel failed to investigate or prepare a proper defense and failed to make timely objections or "conduct any meaningful adversarial challenge," fail for two reasons. First, Guyadeen stated during the plea colloquy and acknowledges in his plea agreement that his counsel's representation was satisfactory. (Crim. Doc. 34 at 22, 24; Crim. Doc. 26 at 11). Second, by freely and voluntarily entering into the plea agreement and pleading guilty, Guyadeen waived his right to defend the case or conduct an "adversarial challenge." A defendant who enters a plea of guilty waives all nonjurisdictional challenges to the constitutionality of the conviction. See Bradbury v. Wainright, 658 F.2d 1083, 1087 (5th Cir. 1981); Wilson v. United States, 962 F.2d 996 (11th Cir. 1992) (claims of pre-plea ineffectiveness are waived). Magistrate Judge Richardson thoroughly advised Guyadeen that if he pled guilty, he forewent his constitutional right to present a defense or make some "adversarial challenge." (Crim. Doc. 34 at 7, 8). After being so advised, Guyadeen knowingly and voluntarily proceeded with the plea, and thus

waived these rights.

Finally, even assuming Guyadeen's remaining contention - - that his counsel failed to enter into a more favorable plea agreement - - assails his counsel's performance in entering and negotiating the plea, rather than his performance at sentencing, Guyadeen nevertheless fails to illustrate he received ineffective assistance of counsel.[2] Under the applicable Strickland v. Washington, 466 U.S. 668 (1985) test, Guyadeen must show: (1) that his counsel's representation fell below an objective standard of reasonableness, and (2) that his counsel's deficient performance prejudiced him. 466 U.S. at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id. at 689-90.

Here, Guyadeen offers no suggestion as to how his counsel should have performed during plea agreement negotiations. To the contrary, he recognizes his "complete satisfaction" with his counsel in the plea agreement. (Crim. Doc. 26 at 11). Further, even assuming Guyadeen's counsel should have proffered that substitute

---

[2] The Williams court recognized that "there may be a distinction between a § 2255 claim of ineffective assistance in entering or negotiating the plea versus a claim of ineffectiveness at sentencing or a claim challenging the validity of the plea agreement." Williams, 396 F.3d at 1342 n.2. There is an open question in the Eleventh Circuit as to whether an appeal waiver in a plea agreement waives an ineffective assistance of counsel claim premised upon counsel's performance in negotiating the plea agreement. This Court renders no opinion as to whether an appeal waiver applies to such a claim.

conditions be included in the plea agreement, there is no evidence that the government would have acquiesced.  Thus, Guyadeen has neither shown his counsel's performance to be inadequate nor any resulting prejudice.

Accordingly, it is hereby **ORDERED**:

Christopher Guyadeen's Motion to Vacate, Set Aside Sentence, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255 is **DENIED**.  The Clerk shall enter judgment in favor of the United States and against Christopher Guyadeen, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 17th day of May, 2006.

TIMOTHY J. CORRIGAN
United States District Judge

t.
Copies:
counsel of record pro se party